# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Maril Cavich | ) | Case No. 3:26-mj-70197 MAG |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**FILED**
Feb 27 2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __Janunary 10, 2026__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Illegal Reentry following Removal |

This criminal complaint is based on these facts:

See attached affidavit of Special Agent Desiree Gorham

☑ Continued on the attached sheet.

William Skewes-Cox
*Digitally signed by William Skewes-Cox Date: 2026.02.25 15:27:07 -08'00'*

Approved as to form _____
SAUSA

/s/ Desiree Gorham
*Complainant's signature*

Desiree Gorham, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/25/2026

*Judge's signature*

City and state: San Francisco, California

Honorable Laurel Beeler
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Desiree Gorham, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, hereby declare as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging **Maril Cavich AKA Maril Cavich-Ojeda AKA Mariel Cavich** ("**CAVICH**") with a violation of 8 U.S.C. § 1326(a) – Illegal Reentry Following Removal.

2. There is probable cause to believe that on, or about, January 10, 2026, in the Northern District of California, **CAVICH**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on, or about, February 7, 2014, without first obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission.

## AFFIANT BACKGROUND

1. I am a Special Agent with the FBI and have been so employed since March 2019. I have had intensive training in law enforcement investigation techniques while assigned to the FBI New Agent Training Course at the FBI Academy in Quantico, Virginia.

2. Since I graduated from the FBI Academy in August 2029, my duties and responsibilities have included conducting national security investigations, as well as leading investigations of criminal federal offenses. Currently, I am assigned to an FBI counterterrorism squad in San Francisco, CA, where my responsibilities include investigating federal immigration violations, and domestic and international terrorism violations. As part of my duties, I regularly coordinate with employees of the Department of Homeland Security ("DHS") organizations such as Immigration and Customs Enforcement ("ICE"), Enforcement Removal Operations ("ERO"), and Homeland Security Investigations ("HSI").

3. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, to execute

Affidavit of Desiree Gorham, Special Agent
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                                1                         NDCA-OTBA Affidavit v.1.1

and serve any order, warrant, subpoena, summons, or other process issued under the authority of the United States. I am also empowered by law and regulation to make arrests for any offense against the United States if the offense is committed in my presence or if I have probable cause to believe the individual arrested has committed a felony against the United States. I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation

## SOURCES OF INFORMATION

4. The statements in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other deportation officers, deputies, agents, and witnesses. Where statements or observations are made by other individuals (including other law enforcement officers) referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part and not verbatim.

5. I have received and reviewed **CAVICH**'s immigration file.

6. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## APPLICABLE LAW

7. Under 8 U.S.C. § 1326(a), it is unlawful for **CAVICH** to be in the United States after having been previously excluded, deported, and removed from the United States, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States.

Affidavit of Desiree Gorham, Special Agent
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                    2                    NDCA-OTBA Affidavit v.1.1

8. The elements of the offense of Illegal Reentry Following Removal under 8 U.S.C § 1326(a) are:

    (1) the defendant was removed from the United States;

    (2) thereafter, the defendant voluntarily entered the United States;

    (3) after entering the United States the defendant knew that he was in the United States and knowingly remained;

    (4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

    (5) the defendant was an alien at the time of the defendant's entry into the United States; and

    (6) the defendant was free from official restraint at the time he entered the United States; and

9. The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

10. A defendant who violates 8 U.S.C. § 1326(a) shall be fined under Title 18, or imprisoned not more than 2 years, or both.

## FACTS SUPPORTING PROBABLE CAUSE

11. Based on the facts set forth below, I believe that there is probable cause to believe that on or about January 10, 2026, in the Northern District of California, **CAVICH**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on or about February 7, 2014, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

12. As noted above, I have reviewed pertinent portions of **CAVICH**'s A-File. The following allegations are based on the immigration records I have reviewed, to include the police records requests.

### CAVICH is Not a United States Citizen and was Removed from the United States

13. **CAVICH** is a citizen of Mexico and not a citizen of the United States.

Affidavit of Desiree Gorham, Special Agent
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                     3                     NDCA-OTBA Affidavit v.1.1

14. On March 21, 2012, Immigration Judge Michael J. Yamaguchi ordered **CAVICH** removed to Mexico.

15. On March 29, 2012, **CAVICH** was removed by foot from the United States to Mexico at the San Ysidro, California, Point of Entry.

16. **CAVICH** was subsequently removed on September 21, 2012; October 3, 2012; and July 6, 2013.

17. On February 7, 2014, the Department of Homeland Security served **CAVICH** with Form I-871 Notice of Intent/Decision to Reinstate Prior Order.

18. On February 7, 2014, **CAVICH** fixed his thumb print to DHS Form I-294 where it states:

> In accordance with the provisions of section 212(a)(9) of the [Immigration and Nationality] Act, you are prohibited from entering , attempting to enter, or being in the United States…For a period of 20 years from the date of your departure from the Untied States because, after having been previously excluded, deported, or removed, from the United States, you have been found: …to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

19. On February 7, 2014, **CAVICH** was removed by foot from the United States to Mexico at the San Ysidro, California, Point of Entry.

## Unlawful Reentry

20. I have reviewed law enforcement records pertaining to **CAVICH**, including arrest records and other various police and immigration reports contained within the A-File. Based on my review of these records, I believe that on an unknown date after February 7, 2014, **CAVICH** voluntarily, and illegally, entered the United States at an unknown place. After entering the United States, the defendant knew that he was in the United States and knowingly remained.

3. On or about January 10, 2026, **CAVICH** was found in the United States by way of arrest in San Francisco County, California, for ATTEMPTED MURDER (187(A) PC); ADW WITH FORCE: POSSIBLE GBI (245(A)(4) PC); and CONSPIRACY: COMMIT CRIME (182(A)(1) PC). According to a review of the Immigration Alien Responses (IAR) in the DHS ICE indices, on January 10, 2026, **CAVICH** was found in the United States following an

Affidavit of Desiree Gorham, Special Agent
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                    4                    NDCA-OTBA Affidavit v.1.1

interaction with the San Francisco Police Department that began on or about January 10, 2026. I know from conversations with ERO Officers that the IAR is an automatic record generated from biometrics (including fingerprints) taken from a specific individual and used to automatically notify FBI/DHS when fingerprint biometrics are confirmed regarding a Subject's identity.

21. According to **CAVICH**'s police records and FBI Criminal History Report, on January 10, 2026, **CAVICH** was arrested and booked at the San Francisco Mission Police Station, where his fingerprints were taken as part of the standard booking procedures, which initiated an IAR on or about January 10, 2026. As noted above, the IAR is used to automatically notify FBI/DHS when fingerprint biometrics confirm an individual's identity. Due to the fact that on or about January 10, 2026 **CAVICH**'s fingerprints were taken based on the San Francisco Police Department booking procedures, which is readily provable with fingerprint evidence (as explained more fully in the following section), I am relying on this date for when **CAVICH** was found in the Northern District of California after his last removal on or about February 7, 2014.

22. I know from my training and experience that the fingerprints and images obtained in the San Francisco Police Department booking procedure were electronically submitted to the California Department of Justice ("CAL DOJ"), National Crime Information Center ("NCIC"), Next Generation Identification ("NGI"), and DHS/ICE databases. I have confirmed that the alien number and FBI number associated with **CAVICH**'s A-file, including the documents from his most recent removal on or about February 7, 2014, matched the alien number and FBI number from when he was arrested on or about January 10, 2026.

### Confirmation of Identity

23. On February 9, 2026, I received a "Certificate of Non-Existence of Record" or "CNER" from DHS. A CNER is a document issued by United States Citizenship and Immigration Services ("USCIS") stating that a diligent search has been made of United States immigration records and databases and no record of the defendant has been found of the

Affidavit of Desiree Gorham, Special Agent
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                    5                    NDCA-OTBA Affidavit v.1.1

defendant obtaining consent of the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States.

24.  **CAVICH's** FBI number 887326JB8 was located on various pages throughout the immigration portions of his A-file.  I thus determined that **CAVICH** was the person whose details are contained in the ICE computer indices and in the A-File information discussed in this affidavit.  As noted above, an FBI number is generated for an encounter of a person based on their fingerprint biometrics.

25.  I then compared **CAVICH**'s FBI number 887326JB8 to the FBI number obtained from **CAVICH** in connection with his arrest on January 10, 2026, and the numbers matched.  I determined that **CAVICH** is the person whose details are contained in the computer indices, was removed from the United States on or about February 7, 2014, and was then located and arrested following his return to the United States on or about January 10, 2026.

26.  On or about February 10, 2026, I reviewed the electronic printouts of ICE computer indices on **CAVICH** for information pertaining to removals or deportations.

27.  Based on my training and experience, I know that the ICE computer indices (to include A-File information) track and document each time an alien is removed, deported or excluded from the United States by ICE; was removed, deported or excluded by the former agency know as INS; or is granted permission to enter or re-enter the United States.  The ICE computer indices and A-File information confirmed that **CAVICH** received an order of removal and was most recently removed on February 7, 2014.

28.  The ICE computer indices indicated that **CAVICH** had not applied for, nor obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

29.  Furthermore, I know from my training and experience that the Alien Registration Number ("A Number") is a unique identifying number assigned to only one individual; also, it is the number listed on the A-File for that individual.  I know from my review of the excerpts of

Affidavit of Desiree Gorham, Special Agent
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                                         6                                    NDCA-OTBA Affidavit v.1.1

**CAVICH**'s A-File information and DHS Central Index System that A Number A099-825-146 is associated with **CAVICH**'s February 7, 2014, removal.

30. Based on all the facts set forth above, I conclude that **CAVICH** was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; was an alien at the time of his entry into the United States; was free from official restraint at the time he entered the United States; and knowingly and intentionally remained in the United States thereafter. As set forth above, **CAVICH** was found in the Northern District of California on or about January 10, 2026.

## CONCLUSION

31. Based on the information above, there is probable cause to believe that on or about January 10, 2026, **Maril Cavich** violated 8 U.S.C § 1326(a) – Illegal Reentry Following Removal. Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

32. *Request for Sealing Order:* I further request, in order to avoid **Maril Cavich** from destroying evidence, fleeing, or otherwise impeding my investigation prior to the execution of the arrest warrant, and for the safety of agents and officers, that this affidavit, and the corresponding complaint and arrest warrant, be filed under seal until execution of the arrest warrant, except that copies should be made available to the United States Attorney's Office, the Department of Homeland Security, and other law enforcement and intelligence agencies, including foreign law enforcement and intelligence agencies, as necessary for use in investigation and prosecution.

33. A sealing motion and proposed sealing order are submitted herewith for the Court's consideration.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

Affidavit of Desiree Gorham, Special Agent
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                7                NDCA-OTBA Affidavit v.1.1

        /s/ *Desiree Gorham*
Desiree Gorham
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this _25th_ day of February 2026. This application and warrant are to be filed under seal.

_____
HONORABLE LAUREL BEELER
United States Magistrate Judge

Affidavit of Desiree Gorham, Special Agent
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                                     8                                     NDCA-OTBA Affidavit v.1.1